B. MAHLER (OR BARUCH MAHLER), DECEASED, F. M. RIDDLEBERGER, ADM. D. B. N., W. W. A., ESTATE OF B. MAHLER (OR BARUCH MAHLER), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74042.   Promulgated May 22, 1935.

*Floyd F. Toomey, Esq.*, for the petitioner.
*L. W. Creason, Esq.*, for the respondent.

OPINION.

ARUNDELL: This proceeding has been submitted on an agreed statement of facts, from which we are asked to decide whether the determination of the respondent is correct in asserting a deficiency in income tax in the sum of $1,280.17 for the year 1931.

It appears that the estate of the decedent, who died in 1924, had been fully distributed and the executrix discharged when the respondent determined that there was an additional tax due on the decedent's income for 1922. Representations were made to the local

court regarding the new deficiency, whereupon the petitioner was appointed administrator for the specific purpose of protecting the interests of the estate in connection with the proposed additional income tax and also for the purpose of taking the necessary steps to secure a refund of an additional estate tax paid by the estate in 1926. The net result of his activities, and of the attorneys and accountants employed by him, was to secure a reduction of the proposed income tax deficiency, and a refund of substantially all of the additional estate tax paid, together with interest thereon. The parties agree that the interest on the refund constitutes gross income, but petitioner seeks in this proceeding to deduct therefrom the fees paid to the attorneys and accountants and other expenses incurred in prosecuting these tax matters.

Many cases involving the deductibility of fees and commissions paid by and to the administrators have been before the Board and the courts. The right to the deduction must be found in the statute; it is there provided that the ordinary and necessary expenses of carrying on a trade or business may be taken as a deduction from gross income. We have no question that fees and expenses were both ordinary and necessary in the circumstances here present. Nor is there any real attack on the reasonableness of the fees in the sense that they were agreed upon in an arm's length transaction and presumably approved by the local court.

The nub of the question is whether the petitioner may be said to be carrying on a trade or business in which the fees and other items were incurred as expenses. Without entering into a detailed discussion of what constitutes carrying on a trade or business, it is sufficient to say that we do not believe that an administrator whose sole function is to settle the taxes of an estate after all of its property has been fully distributed can be said to come within the meaning of that term. The settlement of the tax question of an estate is essentially a matter of administering the estate and the expenses incident thereto constitute an expense of administration chargeable against the corpus of the estate. Art. 282, Regulations 74; *James C. Ayer et al., Trustees*, 26 B. T. A. 9. The carrying on of a trade or business denotes something more than the handling of an isolated transaction. It carries with it the idea of continuity, that of " business being done, not from time to time, but all of the time." *Hutchings* v. *Burnet*, 58 Fed. (2d) 514. It is pointed out in *Monell* v. *Commissioner*, 70 Fed. (2d) 631, that the test of deductibility is not whether expenses were incurred in obtaining income. Had that been the intent of Congress, " it would have been too simple and easy to have said so to make it reasonable to believe that such was intended by the language which plainly limited expenses to those incurred ordinarily and necessarily

in carrying on a trade or business. If they come within the definition, expenses not incurred in obtaining income are deductible." It is our view that in prosecuting the tax matters in this case neither the estate nor the administrator was engaged in carrying on a trade or business, hence the expenses thereof are not deductible. Cf. *Lindley* v. *Commissioner*, 63 Fed. (2d) 807; *Van Wart* v. *Commissioner*, 293 U. S. 537.

*Decision will be entered for the respondent.*